Mary Ann Osgood *vs.* William H. Coates & others.

The declarations of one in possession of land, in disparagement of his own title, are admissible in evidence against him, and those claiming under him; but declarations in favor of his own title are inadmissible.

Evidence of a judgment in a suit on an account, recovered against a person described as the executrix of a former owner, through whom the demandant claims title, is immaterial in respect to the title.

Proof of title in the demandant's ancestors is sufficient to sustain a verdict in his favor, without further proof of title, if there has been no subsequent adverse possession.

Writ of entry. Both parties derived their title from Thomas and Abigail Russell, who occupied the premises in 1790. The

demandant claimed by direct descent; and the tenants claimed under John Candler, deceased, who married Abigail Russel after the death of her former husband Thomas, and who, it was contended, had acquired a title in himself by prescription, under the circumstances recited in the opinion of the court.

At the trial in the superior court, the demandant offered evidence that Candler, during his possession of the premises, admitted the title of the descendants of Thomas and Abigail Russell; and the evidence was objected to, but admitted. The demandant then called Coates, one of the tenants, as a witness; and he testified, under objection, that Mrs. Candler, another of the tenants, during her possession of the premises, admitted that the estate was not hers to sell, but belonged to the Russell heirs at Salem. He also testified that he had paid rent to Candler's executor until November 1857; and, in reply to a further inquiry, he added, under objection, that the reason why he had not paid rent to the executor or to Mrs. Candler since was, because he had been forbidden to do so in a written notice from the demandant, in which she claimed title; and the notice was produced and read. In reference to this, however, the jury were instructed by *Rockwell*, J., that this notice did not constitute an interruption of the defendants' possession.

The demandant having rested, the tenants asked the court to instruct the jury that the facts proved were insufficient to sustain the action; but the court declined to do so.

The tenants then offered evidence of a judgment recovered in 1794 against John Candler and Abigail his wife, describing her as executrix of her late husband Thomas Russell, there being no other evidence that she was his executrix; but the court excluded the testimony. The tenants then offered to prove certain declarations of John Candler, made while in occupation of the premises, though not in the presence of the demandant or of any person under whom she claims, for the purpose of showing the nature of his occupancy and in support of his own title; but the evidence was excluded.

The verdict was for the demandant, and the tenants alleged exceptions.

*E. Avery,* for the tenants, cited *Coolidge* v. *Learned,* 8 Pick. 504; *Lakin* v. *Ames,* 10 Cush. 198–214; Rev. Sts. *c.* 119, §§ 1, 2; *St.* 1786, *c.* 13; *Melvin* v. *Locks & Canals,* 16 Pick. 161.

*J. C. Perkins & E. W. Kimball,* for the demandant, were not called upon.

CHAPMAN, J. There was evidence in this case tending to show that prior to the year 1790 the title to the demanded premises was in Thomas Russell or Abigail his wife. They were the grandparents of the demandant. In that year, Thomas Russell having deceased, John Candler married his widow, and came to reside with her on the premises. With the exception of a portion of the years 1816 and 1817, when Thomas Russell, the demandant's father, occupied the premises with his family, John Candler remained there till his death, in 1846; and Abigail his wife lived there with him till her death, in 1838. The evidence that while he was in possession he admitted the title of the widow and children of Thomas Russell the younger was admissible. It tended to show that his occupation was not adverse to them. Evidence of the admissions of one of the tenants, in respect to the demandant's title, was also admissible. The notice to one of the tenants of the demandant's claim of title is not objected to in the argument, and the instruction in respect to it made it immaterial. The judgment recovered against John Candler and his wife was immaterial in respect to this title, and was properly excluded. The declarations of John Candler, not being made in the presence of the demandant or of any person under whom she claims, could not be proved by the tenants, and were properly excluded.

The evidence having been submitted to the jury with proper instructions, the court are of opinion that it was competent to sustain their verdict for the demandant; on the ground that the title appeared to have been originally in her ancestors, and that the possession of John Candler till his death, in 1846, was not dverse to them, or to the demandant. The rulings of the court were in accordance with familiar principles that do not need to. be sustained by the citation of authorities.

*Exceptions overruled.*